UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVASPARKS, INC., NOVASPARKS, SAS, and FINASPARKS, SAS,<br><br>    Plaintiffs,<br><br>v.<br><br>EXEGY, INC. and DOE COMPANY, LLC,<br><br>    Defendants. | Case No. 1:23-cv-10006-WGY |

**PLAINTIFFS' MOTION TO IMPOUND ITS MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION AND THE DECLARATIONS AND EXHIBITS TO THE DECLARATIONS SUBMITTED IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule 7.2, Plaintiffs NovaSparks, Inc., NovaSparks, SAS and Finasparks, SAS (collectively "NovaSparks") respectfully request that the Court impound un-redacted copies of its Memorandum of Law in support of its Motion for Preliminary Injunction (the "Memorandum"), the Declarations of Clifford T. Maddox and Luc Burgun (the "Declarations"), and the exhibits attached to the Declarations (the "Exhibits"), all being filed herewith.

In further support of its request, NovaSparks states as follows:

1. On January 20, 2023, NovaSparks filed a Limited Motion to Impound and Proceed Under Pseudonym (ECF No. 7) with respect to its Frist Amended Complaint ("FAC") and the summons to Defendant Doe Company (ECF No. 6). NovaSparks explained that it sought to seal portions of the FAC and proceed against Doe Company LLC ("Doe Company") for a limited period out of an abundance of caution. NovaSparks at one time owed confidentiality obligations to Doe Company, and NovaSparks asked the Court's leave to temporarily protect the information in

the FAC for fourteen days to allow Doe Company to address the Court regarding whether there was a basis to continue to proceed under seal.

2. On January 23, 2023, the Court granted NovaSparks' Limited Motion to Impound, Dkt. No. 8. NovaSparks served Doe Company LLC with process on January 24, 2023. Therefore, the Court's impoundment order expires on February 7, 2023. *See* ECF No. 7 & 8.

3. Today, NovaSparks filed redacted copies of the Memorandum, Declarations, and Exhibits.

4. Certain portions of the Memorandum, Declarations, and Exhibits discuss facts that Doe Company may contend are subject to confidentiality obligations and should be shielded from public view. NovaSparks therefore requests the Court extend its temporary order of impoundment to cover the redacted portions of the Memorandum and Declarations and the entirety of the Exhibits and permit NovaSparks to file the Memorandum, Declarations, and Exhibits under seal.

5. Doe Company may address the Court regarding the confidentiality of its information on or before February 7, 2023. Nothing in the Memorandum, Declarations, or Exhibits meaningfully expands the scope of the information over which Doe Company may claim should remain under seal.

6. Moreover, certain additional information in the Memorandum, Declarations, and Exhibits is NovaSparks' confidential business information and trade secrets. For example, one of the Exhibits is a copy of the NovaSparks sales pipeline, referenced and discussed in the Memorandum and the Declarations.

7. Given that the Memorandum, Declarations, and Exhibits discuss NovaSparks' confidential business information, NovaSparks respectfully requests that the Court permit it to file unredacted copies of the Memorandum, Declarations, and Exhibits under seal and that those portions of the Memorandum, Declarations, and Exhibits containing NovaSparks' confidential information remain under seal indefinitely. *See e.g., Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) ("a party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information"). In the event the Court's impoundment order with respect to Doe Company's confidential information is not extended, then NovaSparks will file revised copies of the Memorandum and Declarations with appropriate redactions to reflect the portions thereof that remain impounded.

8. NovaSparks further requests that the Court order that the contents of the unredacted service copies of the Memorandum, Declarations, and Exhibits be used solely for the purposes of this litigation and shared only with those individuals who must access to the information in order to assist with the defense of this action.

9. Therefore, NovaSparks respectfully requests that the Court:

   a. Impound the un-redacted copy of NovaSparks' Memorandum of Law in support of its Motion for Preliminary Injunction;

   b. Impound the Declarations of Luc Burgun and Cliff Maddox submitted by NovaSparks in support of its Motion for Preliminary Injunction;

c. Impound the Exhibits to the Declarations of Luc Burgun and Cliff Maddox submitted by NovaSparks in support of its Motion for Preliminary Injunction;

d. Order that the un-redacted service copies of the Memorandum, Declarations, and Exhibits be used solely for the purposes of this litigation and shared only with those individuals who need access to the information in order to participate in the defense of this action;

e. Order that the impoundment of Doe Company's information will expire on February 7, 2023 to coincide with the Court's earlier impoundment order related to Doe Company; and

f. Order that the impoundment of NovaSparks' confidential information contained in the Memorandum, Declaration, and Exhibits continue indefinitely until further order of the Court.

Dated: January 31, 2023

        Respectfully submitted,

        FINASPARKS SAS,
        NOVASPARKS, INC. and
        NOVASPARKS SAS

        By their Attorneys,

        */s/ Gregory S. Bombard*
        Andrew J. Tibbetts (BBO No. 682021)
        Gregory S. Bombard (BBO No. 679720)
        GREENBERG TRAURIG, LLP
        One International Place
        Suite 2000
        Boston, MA 02110
        Tel: (617) 310-6000
        Fax: (617) 310-6001
        Andrew.Tibbetts@gtlaw.com
        Gregory.Bombard@gtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non registered participants on January 31, 2023 as indicated below.

/s/ Gregory S. Bombard

Gregory S. Bombard

| **Exegy, Inc.** | **Doe Company LLC** |
|---|---|
| *Via email to counsel* | *Via Hand Delivery on Doe Company LLC's registered agent scheduled for February 1, 2023* |
| Anthony J. Fitzpatrick | |
| DUANE MORRIS LLP | |
| 100 High Street, Suite 2400 | |
| Boston, MA 02110 | |
| (857) 488-4200 | |
| ajfitzpatrick@duanemorris.com | |
| | |
| Matthew Cutler | |
| Michael Thomas | |
| HARNESS, DICKEY & PIERCE, P.L.C. | |
| 7700 Bonhomme, Suite 400 | |
| St. Louis, MO 63105 | |
| (314) 726-7500 | |
| mcutler@hdp.com | |
| mthomas@hdp.com | |
| | |
| Glenn Forbis | |
| J. Bradley Luchsinger | |
| HARNESS, DICKEY & PIERCE, P.L.C. | |
| 5445 Corporate Drive, Suite 200 | |
| Troy, MI 48098 | |
| (248) 641-1600 | |
| gforbis@hdp.com | |
| bluchsinger@hdp.com | |