```
 1                UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS (Boston)

 3                            No. 1:23-cv-10006-WGY

 4

 5   NOVASPARKS, INC., et al,
              Plaintiffs
 6

 7   vs.

 8

 9   EXEGY, INC., et al.
              Defendants
10

11
                          *********
12

13              For Hearing Before:
              Judge William G. Young
14

15            Preliminary Injunction

16
              United States District Court
17            District of Massachusetts (Boston)
              One Courthouse Way
18            Boston, Massachusetts 02210
              Wednesday, February 8, 2023
19

20                        *******

21

22        REPORTER: RICHARD H. ROMANOW, RPR
                Official Court Reporter
23           United States District Court
      One Courthouse Way, Room 5510, Boston, MA 02210
24                bulldog@richromanow.com

25
```

```
 1                    A P P E A R A N C E S

 2


 3    GREGORY S. BOMBARD, ESQ.
      AJ TIBBETS, ESQ.
 4       Greenberg Traurig, LLP
         One International Place, Suite 2000
 5       Boston, MA 02110
         (617) 310-6027
 6       Email: Bombardg@gtlaw.com
         For Plaintiffs
 7


 8    MATTHEW L. CUTLER, ESQ.
         Harness, Dickey & Pierce, P.L.C.
 9       7700 Bonhomme, Suite 400
         Clayton, MO 63105
10       (314) 726-7501
         Email: Mcutler@hdp.com
11    and
      ANTHONY J. FITZPATRICK, ESQ.
12       Duane Morris, LLP
         100 High Street, Suite 2400
13       Boston, MA 02110-1724
         (857) 488-4200
14       Email: Ajfitzpatrick@duanemorris.com
         For Defendants
15

16

17

18

19

20

21

22

23

24

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 10:30 a.m.)
 3            THE CLERK:  Now hearing Civil Matter 23-10006,
 4   NovaSparks, Inc., et al vs. Exegy.
 5            THE COURT:  Good morning.  Would counsel identify
 6   themselves and who they represent, starting with the
 7   plaintiffs.
 8            MR. BOMBARD:  Good morning, your Honor, I'm Greg
 9   Bombard, I represent the plaintiffs, NovaSparks, SAS,
10   NovaSparks, Inc., and Finasparks SAS.  With me today is
11   my co-counsel, AJ Tibbets.
12            THE COURT:  Good morning.
13            MR. TIBBETS:  Good morning.
14            MR. FITZPATRICK:  Good morning, your Honor,
15   Anthony Fitzpatrick from Duane Morris on behalf of both
16   defendants.  With me is lead counsel for the defendants,
17   Matthew Cutler, from the Harness, Dickey firm in
18   St. Louis.
19            THE COURT:  And good morning to you all.
20            MR. CUTLER:  Good morning, your Honor.
21            THE COURT:  This supposed trade secret is actually
22   reduced to writing here.  Have you got a copy?
23            MR. BOMBARD:  Yes, your Honor.
24            THE COURT:  May I see it?  And I will treat it as
25   protected material.
```

```
1              MR. BOMBARD:  Just one moment.
2              (Pause.)
3              MR. BOMBARD:  May I approach, your Honor?
4              THE COURT:  Of course.
5              (Hands up document.)
6              (Pause.)
7              THE COURT:  All right.  Thank you.  Thank you.
8       That's helpful.
9              I have grave doubts that venue is appropriate in
10      this court and I'd like to hear you on that to begin.
11             MR. BOMBARD:  Certainly, your Honor.
12             Reduced to a sentence, the defendants' argument,
13      Exegy's argument that venue is improper is that they
14      wanted venue here until they didn't.  Exegy filed a
15      patent infringement lawsuit against NovaSparks in this
16      district, um, and subjected itself to jurisdiction in --
17             THE COURT:  It's not a question of jurisdiction.
18             MR. BOMBARD:  I understand, your Honor.  And I'm
19      sorry to cut you off.  I didn't mean to do that.
20             Exegy chose this venue for its lawsuit, um, and so
21      it's Exegy's preferred district.  It is also the
22      plaintiffs' preferred venue, NovaSparks's preferred
23      venue.
24             THE COURT:  But why?
25             MR. BOMBARD:  Well your Honor --
```

```
 1            THE COURT:  What does anyone have to do with
 2    this -- with this district?  What's unique to this
 3    district?
 4            MR. BOMBARD:  NovaSparks, Inc. is a Massachusetts
 5    corporation.
 6            THE COURT:  Ah.  okay.  That I didn't realize.
 7    All right.
 8            MR. BOMBARD:  And NovaSparks, Inc. is essentially
 9    the United States marketing entity for the NovaSparks
10    entities, so this sales pipeline is directly linked to
11    the NovaSparks, Inc. entity, and the harm therefore of
12    the misappropriation was felt in Massachusetts.
13            THE COURT:  All right, that answers my question.
14            Now, um, I guess my next question is to the
15    defense.
16            Both sides, if I -- they've claimed a jury here,
17    but there's this -- in your, um, filing you talk about
18    some agreement.  Are you a party to this agreement?
19            MR. CUTLER:  Your Honor, I'm not sure if I'm
20    understanding whom you talking about.  The agreement
21    between --
22            THE COURT:  Well I have an agreement here which is
23    --
24            MR. CUTLER:  I understand, your Honor.  It's the
25    confidentiality agreement with --
```

1          THE COURT:  Yes.
2          MR. CUTLER:  Yes, it would be.  So to be clear, I
3  am here today as of, about two business days ago, I now
4  represent both Exegy and what is Marland Equity
5  Partners, which is described as "Doe company."  Number
6  1, Marland is listed in that agreement.
7          THE COURT:  So Marland, whom you represent, who is
8  Doe, is -- and Finasparks, they're the parties to this
9  agreement?
10         MR. CUTLER:  Yes, your Honor.
11         THE COURT:  I guess my question is, um, because
12 you've raised it, is --
13         Do you want a jury here?
14         MR. CUTLER:  Well I mean they've asked for
15 injunctive relief at this point --
16         THE COURT:  Well always try my question.
17         MR. CUTLER:  Yeah, we do ultimately -- if this
18 gets to trial, we do want a jury.
19         THE COURT:  But haven't you waived it in the sense
20 that -- the way I read this contract -- in the contract
21 it says the law of France governs and they tell us the
22 appropriate court in France that we go to, and then the
23 last sentence says, "But they can go and seek injunctive
24 relief."  And so here they are seeking injunctive
25 relief.  And it seems to me maybe they've waived it.

```
 1   That the most this Court can do is grant injunctive
 2   relief.
 3        Not -- I mean I can go beyond preliminary
 4   injunctive relief, I can go to permanent injunctive
 5   relief.  And then whoever wins that, there's a cost-
 6   shifting provision.  But for anyone to get damages, you
 7   folks are over in France.  Now that's how I read this
 8   contract.
 9        Is that the appropriate reading?
10        MR. CUTLER:  Well I think -- I'm sorry, your
11   Honor, yes, I think that is an appropriate reading.  I
12   was answering questions based on the fact that we're
13   here not by the provision in the contract.
14        But I do believe that ultimately Section 3 does
15   say that injunctive relief can be brought anywhere.  I
16   think that's a little more limited than Section 5.
17   Section 5 is quite broad, "any and all disputes."  I
18   think there's a smaller subset of disputes that can be
19   heard here.  I think that's a question of --
20        THE COURT:  Well, for injunctive relief, that's
21   how I read it.
22        MR. CUTLER:  Yes.
23        THE COURT:  All right.
24        Have we got that right?
25        MR. BOMBARD:  Let me clarify a few things, your
```

```
 1   Honor.
 2           First of all, Exegy is not a party to that
 3   agreement.  Indeed in their answer they deny that they
 4   were made a party to the agreement by having a separate
 5   agreement entered between Marland and Exegy.
 6           THE COURT:  Well he represents Marland.
 7           MR. BOMBARD:  Yes.
 8           THE COURT:  So Marland's a party to the agreement.
 9   You're a party to the agreement.  Let's just go step by
10   step.
11           MR. BOMBARD:  Understood.
12           THE COURT:  Is my understanding of the agreement
13   correct?
14           MR. BOMBARD:  I believe so, your Honor --
15           THE COURT:  All right.
16           MR. BOMBARD:  -- that we are seeking injunctive
17   relief against Marland, which the contract permits us to
18   do.  Yes.
19           THE COURT:  All right.  It appears to do that.
20           Now -- but you also represent Exegy so I'll
21   hear --
22           What does Exegy say here?  Do you want a jury
23   trial of Exegy's rights here?
24           MR. CUTLER:  Yes, your Honor.
25           THE COURT:  All right.
```

1          MR. CUTLER:  We've asked for it in the answer.  We
2     would like a jury trial.
3          THE COURT:  Yes, that's fine.  Okay.
4          Further hearing on the preliminary injunction is
5     collapsed with trial on the merits.
6          When do you want to go to trial?
7          MR. BOMBARD:  We'd like a trial as soon as
8     possible, your Honor.
9          THE COURT:  Well "as soon as possible" is next
10    Monday.  Do you want to start on Monday?
11         MR. BOMBARD:  Your Honor, we are prepared to start
12    on Monday if that's consistent with the Court's
13    schedule.
14         THE COURT:  Well we'll have to have someone else
15    impanel it, because I'm not going to sit on Monday, but
16    we can get you some trial days then.
17         Let me turn to the defense.  This is a significant
18    matter.  When do you want to go to trial?
19         MR. CUTLER:  Well, your Honor, we need discovery
20    in this case.
21         THE COURT:  Well everybody needs discovery and of
22    course you'll have subpoenas.  We'll hail everyone in
23    here and we'll cross-examine them.  That's helpful.  I'm
24    not so troubled by that.
25         How's next Monday?

1          MR. CUTLER: Next Monday does not work, your
2     Honor.  I'm in the middle of another preliminary
3     injunction process, um, the date of the trial is the
4     week of April 11th.
5          THE COURT: Well then, um, tell me what you're
6     prepared to -- because I'm -- I've collapsed it with
7     trial on the merits, which means there's not going to be
8     any preliminary injunction here, if there's any
9     injunctive relief they're going to earn it by way of a
10    trial.
11         But in the meantime -- there's more than one
12    lawyer here.  In the meantime, um, are you prepared to
13    give in open court -- for instance, not to disclose --
14    well what is it that they want here?
15         (Reads.)
16         Are you, um, prepared to -- they've got 1 through
17    5 here.  Forget 5, a full accounting, um --
18         Are you -- just -- just for the days that it will
19    take us to run up to trial, are you, as their
20    representative and an attorney, are you -- because I'll
21    take your word.  Are you agreeable -- and it doesn't
22    count against anyone in any respect, that you're not
23    going to disclose this information, the information on
24    this document, for any purpose or derivatives thereof?
25    I mean if you've got it by independent, um, avenues,

1    that doesn't prohibit you from using it.
2         Will you do that?
3         MR. CUTLER:  So, your Honor, here's the answer.  I
4    can give you the answers on all five of those points,
5    I'm prepared to answer today.
6         THE COURT:  All right.
7         MR. CUTLER:  What happened was in the runup to the
8    filing of the preliminary injunction motion, I received
9    an e-mail from opposing counsel -- actually I did not --
10   I'm lead counsel of the case, but I did not get the
11   e-mail.  Attorneys on my team received an e-mail that
12   gave us less than 2 hours to decide whether we're going
13   to respond to these.
14        THE COURT:  And the answer?
15        MR. CUTLER:  The answer was I didn't have time to
16   talk to my client by then, they filed the motion.  I
17   have now had an opportunity to discuss these issues with
18   both Marland and Exegy.
19        THE COURT:  All right.
20        MR. CUTLER:  And what I can tell you easily is
21   that with respect to Number 2, that's no problem.
22        THE COURT:  All right, I accept that.
23        MR. CUTLER:  Number 3 seems to contradict Number
24   2.  Number 2 says "Destroy everything" and Number 3 says
25   "Preserve everything."  But I think we can work that

1    out.  I think I understand what they're trying to say

2    there.

3         THE COURT:  I accept that.

4         MR. CUTLER:  Actually Number 5 is fine too, we can

5    let them know who received the information.

6         THE COURT:  I accept that.

7         MR. CUTLER:  Number 1, with your qualifications,

8    your Honor, that things that are known to Exegy and/or

9    Emex and/or Marland are not confidential information

10   which we think all the information that's disclosed in

11   that --

12        THE COURT:  I know that's your position.  But I

13   may put to you because you're now telling me, as their

14   representative, I may say, "Well where's the independent

15   knowledge?"  And you're going to be able to say --

16        MR. CUTLER:  Sure.  Yeah, absolutely.

17        THE COURT:  -- and you're going to be able to say

18   -- with that qualification you're okay with 1, and, um,

19   you're going to screen this employee?

20        MR. CUTLER:  No, Number 4 is a problem, your

21   Honor.  Number 4 is really the only one that's a

22   problem.

23        THE COURT:  Okay.

24        MR. CUTLER:  There's no reason to screen the

25   employee.

```
 1                THE COURT:  Yeah.  All right.
 2          When do you want to go to trial?
 3                MR. CUTLER:  I think that -- you mentioned
 4    subpoenas and hailing people into court and that's --
 5                THE COURT:  No, no, as I've --
 6                MR. CUTLER:  I need documents.  There are going to
 7    be documents that are in the possession of the plaintiff
 8    that are --
 9                THE COURT:  My question is when do you want to go
10    to trial?
11                MR. CUTLER:  My thought is, you know, May 1st or
12    so would be fine with us.
13                THE COURT:  All right.
14          Now with those undertakings, how about May 1st?
15    Or the Clerk will set a date.
16          That's pretty fast?
17                MR. BOMBARD:  Your Honor, thank you.  We
18    appreciate that.  Our CEO, Dr. Bergen, is not
19    available --
20                THE COURT:  I don't care.  You know he can -- you
21    take his deposition.
22                MR. BOMBARD:  He's available starting May 5th,
23    your Honor.  It's just a minor adjustment.
24                THE COURT:  Oh, it is a minor adjustment.  All
25    right.  Suppose, um -- I work for Ms. Gaudet, so
```

```
 1    let's --
 2          (Laughter.)
 3          THE COURT:  That's not just rhetoric.  She and I
 4    will confer.
 5          (Pause.)
 6          THE COURT:  How about the 8th of May?
 7          MR. BOMBARD:  That works for us, your Honor.
 8          THE COURT:  The 8th of May.  It's on for trial
 9    commencing 9:00 on the 8th of May.  All parties will
10    cooperate fully in discovery so that the trial may in
11    fact commence on May 8th.
12          During the month of April, by April 15th, the
13    parties will file -- well that's a Saturday.  By Monday
14    the 17th of April, the parties will file a joint, um,
15    pretrial memorandum that lists the witnesses, the
16    exhibits, you know our order with respect to that.  We
17    will promptly hold a final pretrial conference to kick
18    the trial off on the 8th of May.
19          It seems to me that the impoundment order that had
20    been issued should now be vacated, since everything's on
21    the record, and that order is vacated.
22          Is there anything else I should do at this time?
23          MR. BOMBARD:  One point of order on the
24    impoundment, your Honor?
25          THE COURT:  Right.
```

1        MR. BOMBARD:  We have redacted from the public
2   filings two types of information, one was to protect
3   Marland's identity, as you say, that seems to be moot.
4   The other was to protect our own confidential
5   information.  So there are some redactions to the
6   declarations and the exhibits, including the one that I
7   handed up to your Honor with our --
8        THE COURT:  Well we're going to treat that
9   document as protected.  Why don't you propose an order
10  by Tuesday of next week and I am disposed to grant it.
11       MR. BOMBARD:  Thank you, your Honor.
12       THE COURT:  Any other questions?  I think I'm easy
13  to work with.
14       Oh, one last thing.  Should the case settle, all
15  you have to do is call Ms. Gaudet.  Don't ever make that
16  call unless it's really settled.  If then someone tells
17  me the settlement's come unwound, I'll be very difficult
18  to work with.  But I look forward to working with you.
19       Any other questions?
20       MR. BOMBARD:  There's two other things, your
21  Honor.
22       First is, um, I wanted to clarify for the record
23  that now that discovery is anticipated, first, that the
24  discovery period is starting today?
25       THE COURT:  It is.

```
 1          MR. BOMBARD:  And that of course we will be
 2   afforded the same opportunity to take discovery.
 3          THE COURT:  Everyone's going to take discovery.
 4          MR. BOMBARD:  Thank you, your Honor.
 5          And then my only other question is whether it
 6   would be futile for me to continue to argue with respect
 7   to our fourth request for relief, the screening of the
 8   employee?  I'm prepared to explain why that request is
 9   narrow.
10          THE COURT:  I understand that.  But you know if
11   evidence comes out at trial, the evidence goes all your
12   way at trial, after this colloquy and what you just
13   stated on the record, and it turns out both in my eyes
14   and that of the jury that I made a mistake in that
15   regard in case management, one imagines I can redress
16   it.
17          Any questions?  We'll turn to the defense.
18          MR. CUTLER:  Yes, your Honor.  Two questions.
19          First of all, relative to the issue of answering
20   -- responding to the complaint, we do intend to file our
21   motion to dismiss on venue grounds.
22          THE COURT:  Exactly.  I -- this is a truncated
23   hearing and I am sensitive to that.
24          MR. CUTLER:  Very good.
25          THE COURT:  It did seem to me that with one of the
```

1   parties a Massachusetts party, I was on firm ground
2   going forward.  I can conceive of a motion based on
3   Section 1404(a).  Of course now I've entered my trial
4   order, so you're getting pretty good service in this
5   district, but I don't mean to prejudge it.  Both
6   dismissal on any appropriate ground, summary judgment,
7   if I get the array of data, I will -- I give oral
8   hearings on both those motions, I will give them, and of
9   course I'll treat them under the appropriate rubric.
10  But since, um, Exegy has its right to a jury, we'll try
11  this to a jury.
12          All right.
13          MR. CUTLER:  Very good.
14          To that point on the venue, NovaSparks, Inc. is a
15  Massachusetts company, but everything else dealing with
16  this case happened outside.  So you'll see all of that
17  in the motion that's coming.  The question becomes when
18  is that motion due?  There's a service issue in this
19  case, your Honor.
20          On January 3rd the original complaint was filed.
21  The amended complaint was filed on January 20th.  It
22  was -- on January 24th, I believe it was, January 24th,
23  Marland was served with the wrong complaint, it was
24  served with the original complaint.
25          THE COURT:  I'm interrupting you only -- I'm

```
 1    listening very hard, but I can't adjudicate things this
 2    way.  You'll have to file -- if there's a service issue,
 3    you may raise that in a motion to dismiss.
 4         MR. CUTLER:  Fair enough.
 5         THE COURT:  But I need a writing.  When is it due?
 6    Promptly.  Today is the 8th of February.  We're going to
 7    trial on the 8th of May.
 8         MR. CUTLER:  Very good.  You'll see a motion to
 9    dismiss Marland.
10         THE COURT:  All right.
11         MR. CUTLER:  Here's the reply, your Honor.
12    They've actually recognized their problem and they
13    re-served with a correct complaint about a week -- 8
14    days later.  They're holding us to the earlier response
15    date.  So a motion to dismiss for lack of service
16    doesn't really -- it's just a manner of wanting to --
17         THE COURT:  The truth is that if somehow I had
18    been able to hold your feet to the fire and go to trial
19    next Monday, I would have put on the record that you
20    denied all essential averments of the complaint without
21    ever seeing an answer.  So I'm not too -- I'm not too
22    troubled about these matters.  It would be best to
23    address the merits.  Should substantive rights be at
24    issue, you can be sure I will not ignore them.
25         Does that answer it?
```

1        MR. CUTLER:  Very good, your Honor.
2        THE COURT:  Anything else?
3        MR. BOMBARD:  Nothing from us, thank you, your
4   Honor.
5        THE COURT:  We have students here from Weston
6   Academy.  We're done, but you're welcome to stay and let
7   them ask you questions as well as me.  But we'll stand
8   in recess.
9        THE CLERK:  All rise.
10       (Ends, 10:50 a.m.)

C E R T I F I C A T E

I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the foregoing record is a true and accurate transcription of my stenographic notes before Judge William G. Young, on Wednesday, February 8, 2023, to the best of my skill and ability.

/s/ Richard H. Romanow 02-09-23
_____
RICHARD H. ROMANOW    Date